Rudy Arrendondo MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 48638.

Court of Criminal Appeals of Texas,

July 10, 1974.

OPINION

MORRISON, Judge.

Conviction is for murder with malice; the punishment, fifteen years.

In ground of error one, appellant urges that the trial court had no jurisdiction over the appellant. Appellant was between the ages of fifteen and seventeen years at the time of the offense. The Juvenile Court had jurisdiction in this case under Art. 2338–1, Vernon's Ann.Tex.Civ.St.;[1] held a certification hearing under Sec. 6 of this statute; and entered an order that its jurisdiction was waived and that appellant be transferred to the District Court for criminal proceedings.[2]

The appellant's specific contention is that this Juvenile Court Certification Order was appealed to the Court of Civil Appeals; that appellant's trial in the District Court was conducted prior to the final disposition of said appeal; and that therefore, the Certification Order not being final, the District Court lacked jurisdiction.

We reject appellant's contention. We construe Art. 2338–1, supra, to grant jurisdiction to the criminal courts upon a waiver of jurisdiction by a Juvenile Court. An appeal of the certification order does not deprive the criminal courts of jurisdiction. Sec. 21 of Art. 2338–1, supra, provides that an appeal by any person aggrieved to the Court of Civil Appeals shall not suspend the order of the Juvenile Court.

In Dillard v. State, Tex.Cr.App., 477 S. W.2d 547, we held:

"Since the Court of Civil Appeals never held the appellant's certification to be invalid, we must accept it as valid."

Tom P. Senff, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., and Lawrence J. Gist, Asst. State's Atty., Austin, for the State.

1. This Article has since been repealed, Acts 1973. See now V.T.C.A., Family Code, Title 3, Sec. 51.01 et seq.

2. The Certification Order is in the record, but the proceedings at the Certification Hearing have not been brought forth, nor are the other proceedings, if any, in the Juvenile Court, in this record on appeal.

■ Appellant calls upon us to speculate as to the ultimate result of this case if the Certification Order is overturned by the Court of Civil Appeals.[3] We decline to rule on this hypothetical state of facts. Our disposition of this ground of error being based on our interpretation of Article 2338–1, supra, we hold that the Certification Order transferred jurisdiction to the District Court, and said jurisdiction was not suspended by the appeal of the Certification Order to the Court of Civil Appeals.

■ Ground of error two complains that the trial court should have appointed a guardian ad litem for the minor appellant for the trial.[4] We find that appellant was represented by court appointed counsel and the trial court was under no statutory or constitutional duty to appoint a guardian ad litem.

Ground of error three urges that an oral confession was improperly admitted into evidence for the reason "property recovered from the alleged oral confession was not found as a result of the in-custody statement or admission."[5]

The State contends the confession is admissible under Art. 38.22(a), Sec. 3, Vernon's Ann.C.C.P., because appellant lead Officer Neal to stolen properties arising out of the crime. Appellant, citing Garner v. State, Tex.Cr.App., 464 S.W.2d 111, argues that the confession is inadmissible because Officer Neal prior to the oral confession had received information of the stolen property from an interview with a John Y'Barra.

■ The evidence shows that following the oral confession appellant took Officer Neal to appellant's brother, Ramon, at a Coca Cola plant where Ramon was working. Ramon turned over a wrist watch, which came out of the crime, to Officer Neal. Appellant had told Officer Neal that he (appellant) had obtained deceased's wrist watch and that he had given it to his brother, Ramon. Officer Neal testified that Y'Barra did not tell him (Neal) anything about the wrist watch. We conclude that the oral confession was admissible under Art. 38.22(a), Sec. 3, supra, because it lead to the finding of the wrist watch which was "secreted or stolen property" arising out of the crime.[6]

In ground of error four appellant argues that the oral confession is inadmissible under Art. 2338–1, Sec. 13(e), V.A.C.S. This section reads:

"The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any court other than the juvenile court, nor shall such disposition or evidence operate to disqualify a child in any further civil service examination, appointment or application. However, nothing in this subsection prevents a showing before the district court or the grand jury that the child has been transferred for criminal proceedings under Section 6 of this Act."

■ Appellant is contending that Officer Neal testified as to the oral confession

---

3. There is nothing in the record to show whether final disposition had been made on appeal of the Certification Order.

4. The Juvenile Court appointed a guardian ad litem for the proceedings in the Juvenile Court.

5. Appellant testified and admitted all of the material inculpatory facts contained in his oral confession, but gave exculpatory and mitigating explanations therefor not contained in the oral confession. In view of our disposition of appellant's grounds of error three, four, five and six on other grounds, we do not find it necessary to decide

whether appellant waived his objection to the oral confession. See Nicholas v. State, Tex. Cr.App., 502 S.W.2d 169.

6. We note that appellant also took Officer Neal to appellant's home where other stolen property was located. Y'Barra prior to the oral confession had informed Officer Neal about this property and its location. In view of our upholding the admissibility of the oral confession based on the finding of the wrist watch, we do not find it necessary to discuss the admissibility of the oral confession based on the finding of these other properties.

in the Juvenile Court and therefore, under this statute, should not be allowed to testify as to the oral confession in the criminal court. Such contention is without merit. No error is shown.

Ground of error five urges that the oral confession was inadmissible because appellant did not intelligently and voluntarily waive his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The Court held a Jackson v. Denno hearing [7] outside the presence of the jury at which Officer Neal testified that he took appellant into custody on March 24, 1972, at about noon, at which time he gave appellant "his statutory warning":

"I told him that he had a right to remain silent, that he didn't have to make any statement at all. That any statement that he did make could and would be used against him in any trial. I told him that he had a right to have an attorney, he had a right to have an attorney present during any interview with me or with any officers, he was told that if he couldn't afford an attorney one would be appointed for him, his attorney could also be present during any interview. I told him that he could quit talking to me or to any officer at any time he desired."

Officer Neal testified that after he gave appellant the warning appellant did not indicate that "he wanted a lawyer or anything of this sort."

Then Officer Neal took appellant to Judge Magee, who testified that he gave the appellant "his warning" in the courtroom:

"It is your understanding that this is not a trial that you are having at this time. It is my duty as a magistrate under Article 15.17 of Texas Code of Criminal Procedure to inform you of what you are being accused of and to give what is commonly known as the statutory warning and to tell you what your rights are. You have a right to have counsel present while being interrogated. You have a right at anytime you wish—You have a right to an examining trial and if you are not in a position to hire your own attorney then it is the duty of the Court to appoint you counsel. And I asked him then if he understands what I mean by the word counsel, and if he answers in the affirmative then I continue. You are not required to make any statement and any statement that you do make could be used against you. You may make a statement if you wish to, that is your privilege, but you have a right to remain silent. You are not required to take a polygraph examination nor to give any specimens of your handwriting, that might be used against you if you do. You may do so if you want to, that is you privilege." [8]

Judge Magee testified that he asked appellant if he understood what was meant by the word "counsel" [9] and that he (Judge Magee) thought that appellant understood the warning.

After these two warnings, appellant gave Officer Neal the oral statement in the hallway of the county courthouse.

We have reviewed the evidence in the record concerning the taking of the confession and find that there is sufficient evidence to support the trial court's findings that counsel had been waived. Waiver of counsel does not have to be express but can be determined from the totality of

---

7. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

8. We express grave doubt whether the warning complies with *Miranda* in clearly and fully advising appellant of his right to an attorney, either retained or appointed, during any interrogation. In addition, however, to the above testimony given at the hearing in the absence of the jury, Judge Magee testified in the presence of the jury to a somewhat different version of the warning, which does comply with *Miranda*.

9. In the presence of the jury Judge Magee testified that appellant answered that he (appellant) knew what the word "counsel" meant.

the circumstances. The fact that appellant did not specifically say that he waived counsel does not prevent the trial court from concluding that appellant intelligently and knowingly waived counsel. Thomas v. State, Tex.Cr.App., 458 S.W.2d 817. There was no evidence or indication of pressure or force of any kind upon appellant. Appellant produced no testimony on this point. No error is shown.

■ Ground of error six complains that the trial court failed to charge the jury on the voluntariness of the confession. Appellant relies on Washington v. State, Tex.Cr.App., 388 S.W.2d 200, and Harris v. State, Tex.Cr.App., 465 S.W.2d 175. We have searched the record and find no evidence before the jury which would raise a fact issue. *Harris* was reversed for failure to hold a hearing outside the presence of the jury, and *Washington* was reversed for failure to submit an issue of voluntariness of the confession to the jury in view of evidence showing confinement for approximately 50 hours after arrest and before confession; a defendant of extremely low intelligence; and repeated questioning, etc. We find no evidence of a coercive environment surrounding the taking of appellant's confession. We decline to hold that appellant's youthful age alone would create a fact issue for the jury as to the voluntariness of the oral confession. The trial court was not required to submit the issue to the jury.

■ Ground of error seven makes a claim that Art. 2338–1, Sec. 8, supra, is unconstitutional. In argument under this ground of error, appellant discusses Sec. 6 of this statute. We note that Sec. 8 has no bearing on this case, and Sec. 6 has been held to be constitutional in Ex parte Miranda, Tex.Cr.App., 415 S.W.2d 413. We reaffirm the constitutionality of this statute.

Finding no reversible error, the judgment is affirmed.