**L. L. S., Relator,**

v.

**Henry WADE and John Mead, Respondents.**

No. 19533.

Court of Civil Appeals of Texas, Dallas.

Feb. 13, 1978.

ORIGINAL APPLICATION FOR PROHIBITION

GUITTARD, Chief Justice.

The relator, sixteen years of age, was accused of murder. The juvenile court

transferred her to a criminal district court for trial as an adult under Texas Family Code Annotated § 54.02 (Vernon 1975). From that order, she has taken an interlocutory appeal to this court under § 56.-01(c)(1) of the Code. Meanwhile, her trial has been set in the criminal district court for February 27, 1978, and her motion for continuance, based on pendency of the appeal, has been overruled. She now applies to this court for a writ of prohibition to prevent the district court from proceeding until the interlocutory appeal has been decided. We deny the writ on the ground that the trial in the district court would not interfere with our jurisdiction.

Petitioner recognizes that § 56.01(g) of the Code expressly provides that an appeal does not suspend the order of the juvenile court unless that court so orders, and she concedes that if the criminal trial results in a conviction and we should later reverse the transfer order of the juvenile court, the conviction would be vacated. She argues, however, that one of the principal purposes of the code provisions concerning juvenile delinquents is to avoid the taint of criminality and that this purpose would be defeated by a criminal trial, even though the conviction should later be vacated.

■ We conclude that this possible taint of criminality does not authorize issuance of a writ of prohibition. Our original jurisdiction is found in Texas Revised Civil Statutes Annotated, article 1823 (Vernon 1964), which authorizes courts of civil appeals to issue "writs necessary to enforce the jurisdiction of said courts." The writ of prohibition may be used to prevent interference by a trial court with an appellate court in deciding a pending appeal or to prevent a trial court from entertaining suits which would relitigate controversies already settled by the appellate court. *Smith v. Grievance Committee*, 475 S.W.2d 396, 399 (Tex. Civ.App.—Corpus Christi 1972, no writ). Since our order on the interlocutory appeal would be given effect regardless of the result of the criminal trial, issuance of the writ is not necessary to enforce our jurisdiction. The taint of criminality resulting from a conviction is not a matter that interferes with our jurisdiction.

If relator desires a decision of the interlocutory appeal before the trial in the criminal court, her remedy is a motion to advance the appeal. She has filed such a motion, which we have granted. The submission of that appeal is now set for February 22, 1978, before the date set for the criminal trial.

Application for writ of prohibition denied.