EX PARTE Miguel Angel VENEGAS.

Nos. 04–03–00071–CR, 04–03–00213–CR.

Court of Appeals of Texas,
San Antonio.

July 16, 2003.

Rehearing Overruled Aug. 4, 2003.

Appeal from 341st Judicial District Court, Webb County, Texas; Fred Shannon, Judge Presiding.[1]

Juan Ramon Flores, Law Office of Juan Ramon Flores, Jose L. Arce, Laredo, for appellant.

Jose M. Rubio, Jr., Webb County Dist. Atty., Roberto Balli, Asst. Dist. Atty., for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: KAREN ANGELINI, Justice.

Miguel Angel Venegas complains that the trial court abused its discretion in denying his motion for bond pursuant to article 17.151 of the Texas Code of Criminal Procedure and in denying his motion to reduce his bond pursuant to article 17.15. Because Venegas has the right to be released on personal recognizance or reduced bond pursuant to article 17.151, we reverse and remand.

## BACKGROUND

Venegas is accused of committing murder and theft on January 18, 1991. Having been born on November 21, 1974, Venegas was sixteen years old at the time of the offense. Because Venegas allegedly committed the crimes when he was a "child," *see* TEX. FAM.CODE ANN. § 51.02(2) (Vernon 2002), the juvenile court had exclusive jurisdiction of this case. *See id.* § 51.04(a). On July 14, 2001, the juvenile court waived its jurisdiction and transferred Venegas to the criminal district court. *See id.* § 54.02. In the same order, the juvenile court remanded Venegas to the Webb County Sheriff without bond. Venegas filed an interlocutory appeal, contesting the trial court's certification. We affirmed the trial court's certification. *In re M.A.V.*, 88 S.W.3d 327 (Tex.App.-San Antonio 2002, pet. denied). The supreme court denied Venegas's petition for discretionary review, and the final mandate was issued on February 6, 2003.

On July 14, 2001, the date of the juvenile court's transfer order, Venegas had been serving a sentence for escape.[2] As such, he was transferred from the Webb County Jail back to the Texas Department of Criminal Justice—Institutional Division to complete his sentence for escape. On November 15, 2002, Venegas completed his sentence, was released from prison, and returned to the Webb County Jail. On December 13, 2002, the trial court set bond at $300,000 for each murder charge, for a total of $900,000. In January of 2003,

1. Sitting by assignment

2. Shortly after allegedly committing murder, Venegas fled to Monterrey, Mexico. Years later, he was apprehended and returned to the United States where he was tried and convicted of the offense of escape.

Venegas filed a motion to reduce the bond. On January 17, 2003, the trial court held an evidentiary hearing. At the conclusion of the hearing, the trial court denied Venegas's request to reduce the amount of the bond and ordered that the amount of the bond remain at $900,000. Venegas's appeal in 03–00071–CR contests this order denying his request to reduce the amount of the bond.

On February 14, 2003, Venegas filed a "Motion to be Released on Personal Bond or for Reduction of Bond," arguing that because he had been detained for more than ninety days and because the State was not ready for trial, he was entitled to relief under article 17.151 of the Texas Code of Criminal Procedure. To this point, Venegas had not been indicted. On February 25, 2003, the grand jury returned a bill of indictment, charging Venegas with three counts of murder and one count of theft. On March 5, 2003, the trial court denied Venegas's motion. Venegas's appeal in 03–00213–CR contests this order denying his motion under article 17.151.

## ARTICLE 17.151

Section 1 of article 17.151, entitled "Release because of delay," provides that a

> defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the State is not ready for trial of the criminal action for which he is being detained within (1) 90 days from the commencement of his detention if he is accused of a felony . . .

Tex.Code Crim. Proc. Ann. art. 17.151, § 1 (Vernon Supp.2003). Article 17.151, however, does not apply to a defendant who is:

> (1) serving a sentence of imprisonment for another offense while he is serving that sentence;

> (2) being detained pending trial of another accusation against him as to which the applicable period has not yet elapsed; or

> (3) incompetent to stand trial, during the period of his incompetence.

*Id.* art. 17.151, § 2. Thus, the period of time that Venegas was serving his sentence for escape did not count against the State for purposes of article 17.151.

■ Article 17.151 is couched in mandatory terms. *See Ex parte Ancira,* 942 S.W.2d 46, 47 (Tex.App.-Houston [14th Dist.] 1997, no pet.). If the State is not ready for trial within ninety days after commencement of detention for a felony, the accused must be released either on a personal bond or by reducing the amount of bail required. *Rowe v. State,* 853 S.W.2d 581, 582 (Tex.Crim.App.1993).

■ We must first decide on what date Venegas's detention began for purposes of article 17.151. According to Venegas, his detention began on November 15, 2002, the date on which he completed his sentence for escape and was transferred to the Webb County Jail. Ninety days from that date is February 13, 2003. Venegas was not indicted until February 25, 2003. Where there is no indictment, the State cannot announce ready for trial. *Ex parte McNeil,* 772 S.W.2d 488, 489 (Tex.App.-Houston [1st Dist.] 1989, no pet.); *Pate v. State,* 592 S.W.2d 620, 621 (Tex.Crim.App. [Panel Op.] 1980). The State, however, argues that November 15th is not the correct date; according to the State, the ninety days began to run on February 6, 2003, the date on which, with respect to Venegas's appeal of the trial court's certification, the final mandate was issued. Thus, the State argues that the ninety days was tolled during Venegas's appeal.

This issue turns on whether the State was allowed to proceed in its prosecution of Venegas while Venegas's appeal was pending. Under current law, juvenile defendants may no longer appeal from certification proceedings prior to being finally convicted as an adult. *See* TEX. FAM.CODE ANN. § 56.01(c) (Vernon 2002); *Small v. State,* 23 S.W.3d 549, 550 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd); *Miller v. State,* 981 S.W.2d 447, 449 (Tex.App.-Texarkana 1998, pet. ref'd). Prior to 1995, however, section 56.01(c)(1)(A) of the Family Code permitted a juvenile to file an appeal from the juvenile court's order transferring the juvenile to criminal district court. *See* Act of May 23, 1991, 72nd Leg., R.S., ch. 680, § 1, 1991 Tex. Gen. Laws 2466, 2466; *In re M.A.V.,* 88 S.W.3d at 331 n. 2. Former section 56.01(c)(1)(A) provided:

> (c) An appeal may be taken:
>
>> (1) by or on behalf of a child from an order entered under:
>>
>>> (A) Section 54.02 of this code respecting transfer of the child to criminal court for prosecution as an adult.

Section 56.01(c) no longer provides for appeals of section 54.02 transfers from juvenile court to district court. *See* TEX. FAM. CODE ANN. § 56.01(c) (Vernon 2002). In 1995, the Legislature amended the Family Code and the Code of Criminal Procedure to permit an appeal of a transfer order only in conjunction with an appeal of the conviction of the offense for which a juvenile was transferred. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex. Gen. Laws 2517, 2584 (codified at TEX.CODE CRIM. PROC. ANN. art. 44.47(b) (Vernon Supp.2003)); *In re M.A.V.,* 88 S.W.3d at 331 n. 2. Under the new amendments, an appeal of a transfer order is a criminal matter, governed by the Code of Criminal Procedure and the Rules of Ap-

pellate Procedure applicable to criminal cases. *See* TEX.CODE CRIM. PROC. ANN. art. 44.47(c) (Vernon Supp.2003); *In re M.A.V.,* 88 S.W.3d at 331 n. 2. Thus, because a juvenile can no longer appeal the juvenile court's certification until after his conviction, the issue before us would be moot under the current rules, as there can no longer be a pending appeal.

■ The 1995 legislative change, however, does not apply to conduct occurring before January 1, 1996. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 106(a), 1995 Tex. Gen. Laws 2517, 2591. Because Venegas is accused of committing murder and theft on January 18, 1991, the former rules apply. Under the former rules, a juvenile could, before his conviction, appeal a certification order.

In *Moreno v. State,* 511 S.W.2d 273, 274 (Tex.Crim.App.1974), the juvenile court waived jurisdiction and transferred the appellant to district court for criminal proceedings. According to the court, the

> appellant's specific contention is that this Juvenile Court Certification Order was appealed to the Court of Civil Appeals; that appellant's trial in the District Court was conducted prior to the final disposition of said appeal; and that therefore, the Certification Order not being final, the District Court lacked jurisdiction.

*Id.* The court of criminal appeals rejected appellant's contention, holding that an appeal of the certification order does not deprive the criminal courts of jurisdiction and does not, therefore suspend criminal proceedings pending appeal. *Id.* at 274–75. The court noted that section 21 of article 2338–1 provides that an appeal by any person aggrieved to the Court of Civil Appeals shall not suspend the order of the Juvenile Court. This article referred to by the court of criminal appeals has since

been repealed. However, section 56.01(g)[3] similarly provides that "[a]n appeal does not suspend the order of the juvenile court, nor does it release the child from the custody of that court or of the person, institution, or agency to whose care the child is committed, unless the juvenile court so orders." *See* Tex. Fam.Code Ann. § 56.01(g) (Vernon 2002).

 Additionally, a petitioner is not entitled to a writ of prohibition preventing the district court from proceeding until the appeal of the certification order is final. In *L.L.S. v. Wade*, 565 S.W.2d 251, 251 (Tex.Civ.App.-Dallas 1978, no writ), the petitioner sought a writ of prohibition preventing the district court from proceeding until the interlocutory appeal had been decided in the court of civil appeals. The court of civil appeals denied the petition on the ground that the trial in the district court would not interfere with its jurisdiction. *Id.* The court stated that although the

> [p]etitioner recognizes that section 56.01(g) of the [Texas Family] Code expressly provides that an appeal does not suspend the order of the juvenile court unless that court so orders, and she concedes that if the criminal trial results in a conviction and we should later reverse the transfer order of the juvenile court, the conviction would be vacated. She argues, however, that one of the principal purposes of the code provisions concerning juvenile delinquents is to avoid the taint of criminality and that this purpose would be defeated by a criminal trial, even though the conviction should later be vacated.

*Id.* The court concluded that "this possible taint of criminality does not authorize issuance of a writ of prohibition." *Id.* The court explained that the writ of prohibition may be used to prevent interference by a

trial court with an appellate court in deciding a pending appeal or to prevent a trial court from entertaining suits which would relitigate controversies already settled by the appellate court. *Id.* The court noted that "since [its] order on the interlocutory appeal would be given effect regardless of the result of the criminal trial, issuance of the writ is not necessary to enforce [its] jurisdiction." *Id.*

Therefore, the State could have proceeded with its prosecution of Venegas while Venegas was appealing the certification. Because the State could have proceeded with its prosecution, the ninety day period began to run on November 15, 2002. Using that date, Venegas was indicted more than ninety days later.

 The State contends that even if we determine that November 15, 2002 was the triggering date for purposes of article 17.151, it retrospectively announced ready for trial on March 6, 2003. When, as here, a defendant complains the State was not ready within the statutory time period, the State has the burden to make a prima facie showing that it was ready. *See Jones v. State*, 803 S.W.2d 712, 717 (Tex.Crim. App.1991). The State may satisfy its burden either by announcing ready within the allotted time or by announcing retrospectively that it had been ready within the allotted time. *Id.* However, where there is no indictment, the State cannot announce ready for trial. *See Ex parte McNeil*, 772 S.W.2d 488, 489 (Tex.App.-Houston [1st Dist.] 1989, no pet.); *Pate v. State*, 592 S.W.2d 620, 621 (Tex.Crim.App. [Panel Op.] 1980). Here, no indictment was returned within the ninety days. Therefore, the State was not ready for trial within ninety days of Venegas's detention. Pursuant to article 17.151, the trial court has two options: release Venegas on personal

---

3. The 1995 amendments did not change the language in subsection (g).

bond or reduce the amount of bail required. *See Rowe*, 853 S.W.2d at 582. This issue is sustained.

Having sustained Venegas's first issue, we need not reach his second issue.

### CONCLUSION

Because the State was not ready for trial within ninety days of Venegas's detention, we reverse the trial court's order denying Venegas's article 17.151 motion, and remand to the trial court for further proceedings, including entry of an order to release Venegas either on personal bond or by reducing the amount of bail required.