11th Court of Appeals
Eastland, Texas
Opinion
David Lee Jarman
            Appellant
Vs.                  No. 11-04-00145-CR -- Appeal from Ector County
State of Texas
            Appellee
 
            David Lee Jarman was accused of murder. On February 5, 2004, appellant was arrested and
incarcerated. Bond was set in the amount of $250,000. On April 8, 2004, appellant filed an
application for a writ of habeas corpus seeking a bail reduction. On May 14, 2004, 99 days after
appellant had been detained, the trial court held a hearing on appellant’s motion. Appellant had not
yet been indicted. At the hearing, appellant asked the court to set a personal recognizance bond
pursuant to TEX. CODE CRIM. PRO. ANN. art. 17.151 (Vernon Supp. 2004 - 2005). The court
declined appellant’s request, but did reduce the amount of the bond to $50,000. Jarman’s appeal
contests this order.
            We first must consider whether this court has jurisdiction to hear this appeal. State v.
Roberts, 940 S.W.2d 655, 657 (Tex.Cr.App.1996); Vargas v. State, 109 S.W.3d 26, 29 (Tex.App. -
Amarillo 2003, no pet’n). Courts address the question of jurisdiction sua sponte because, unless a
court has jurisdiction over a matter, its actions in the matter are without validity. State v. Roberts,
supra at 657 n.2.
            The appellate courts are divided on the question of jurisdiction in regard to direct appeals
from pretrial bail rulings such as the one before us. Vargas v. State, supra at 29. The Amarillo
Court of Appeals has held that it lacks jurisdiction over direct appeals from interlocutory pretrial
orders in which a trial court has denied a defendant’s motion to lower bail. Vargas v. State, supra. 
The Corpus Christi Court of Appeals has reached the opposite conclusion, holding that it does have
jurisdiction over orders in which a trial court has denied an appellant’s motion to reduce bail. Ramos
v. State, 89 S.W.3d 122, 126 (Tex.App. - Corpus Christi 2002, no pet’n). We find the reasoning of
the Ramos court persuasive.
            In Ramos, the defendant was charged with the offenses of capital murder, murder, and
engaging in criminal activity. Ramos v. State, supra at 123. The defendant filed a “Motion for
Release by Bail Reduction” based on Article 17.151. Ramos v. State, supra. His motion was denied,
and he filed a notice of appeal. Ramos v. State, supra. The Corpus Christi Court of Appeals
acknowledged the general rule that intermediate courts do not have jurisdiction over interlocutory
criminal appeals unless such jurisdiction is expressly provided by law. Ramos v. State, supra at 124. 
The court noted, however, that there are exceptions to this rule. Ramos v. State, supra at 125. One
such exception is the denial of a motion to reduce bail pursuant to TEX. CODE CRIM. PRO. ANN.
art. 17.15 (Vernon Supp. 2004 - 2005). See, e.g., Wright v. State, 969 S.W.2d 588, 589 (Tex.App. -
Dallas 1998, no pet’n); McKown v. State, 915 S.W.2d 160, 161 (Tex.App. - Fort Worth 1996, no
pet’n); Clark v. Barr, 827 S.W.2d 556, 557 (Tex.App. - Houston [1st Dist.] 1992, no pet’n). The
Ramos court extended this exception to include motions to release a defendant or reduce bail
pursuant to Article 17.151. Ramos v. State, supra at 126.
            The Ramos court based its decision on the reasoning of the Court of Criminal Appeals in
Primrose v. State, 725 S.W.2d 254 (Tex.Cr.App.1987). In Primrose, the Court of Criminal Appeals
noted that the Texas Rules of Appellate Procedure clearly contemplated direct appeals to the inter-mediate appellate courts “in habeas corpus and bail proceedings.” Primrose v. State, supra at 256
n.3 (citing TEX.R.APP.P. 31.1 (formerly TEX.R.APP.P. 44(a))). The Court of Criminal Appeals
stated that the intermediate courts’ authority for hearing appeals of bail proceedings is rooted in the
general jurisdictional provisions of TEX. CONST. art. V, §§ 5 & 6. Primrose v. State, supra at 255.
            We also note that the two decisions primarily relied upon by the Vargas court, Benford v.
State, 994 S.W.2d 404 (Tex.App. - Waco 1999, no pet’n), and Ex parte Shumake, 953 S.W.2d 842
(Tex.App. - Austin 1997, no pet’n), involved motions by the State to increase bail pursuant to TEX.
CODE CRIM. PRO. ANN. art. 17.09 (Vernon 1977), not motions by the accused to reduce bail
pursuant to Article 17.151. Unlike the Benford and Shumake courts, we are not ruling on a motion
to increase bail. We are ruling on the issue before us, and we hold that we have jurisdiction to hear
appeals of denials of motions to release a defendant on personal bond or reduce his bail pursuant to
Article 17.151.
            We next address the issue of whether the trial court erred in refusing to release appellant on
personal bond.
            Article 17.151 provides in relevant part:
            Sec. 1. A defendant who is detained in jail pending trial of an accusation
against him must be released either on personal bond or by reducing the amount of
bail required, if the state is not ready for trial of the criminal action for which he is
being detained within:
 
            (1) 90 days from the commencement of his detention if he is
accused of a felony 
 
This issue was squarely presented to the Court of Criminal Appeals in Ex parte Rowe, 853 S.W.2d
581 (Tex.Cr.App.1993). In that case, Rowe was arrested on charges of murder and aggravated
assault. Ex parte Rowe, supra at 581. After more than 90 days of pretrial detention without
indictment, Rowe sought habeas corpus relief, specifically requesting release upon personal bond
pursuant to Article 17.151. Ex parte Rowe, supra at 582. The trial court refused and, instead,
reduced the amount of bail. Ex parte Rowe, supra. The appellate court affirmed this decision; but
the Court of Criminal Appeals reversed, finding that the record did not support the trial court’s
decision to reduce the amount of bond rather than release Rowe on personal recognizance. Ex parte
Rowe, supra. In reviewing the record, the Court of Criminal Appeals found that Rowe could not
make any bond, regardless of the amount, and that he needed to be released by the trial court in order
for there to be compliance with Article 17.151. Ex parte Rowe, supra.
            The facts before this court are similar to the facts in Ex parte Rowe. On April 8, 2004,
appellant filed a writ of habeas corpus with the trial court, seeking a reduction in bail. On May 14,
2004, the trial court held a hearing on this motion. Lori Howell, an employee with the Criminal
Department of the District Clerk’s Office, testified that appellant had been in jail since February 5,
2004, and had not yet been indicted. Appellant testified that he did not have money to hire an
attorney, that he did not own a home, that he did not own any land, that he did not own any stocks
or bonds, that he did not own a bank account or a savings account, and that he did not own an
automobile. Appellant also testified that he tried to borrow money from family but was unable to
do so. The record reflects that appellant did not have any money available to make any amount of
bond. After taking judicial notice of the fact that appellant had been incarcerated for 99 days without
being indicted, the trial court declined to release appellant and, instead, reduced his bond to $50,000.
Appellant testified, however, that he could not even make a $10,000 bond. In accordance with the
holding announced in Ex parte Rowe, we find that the trial court erred in not releasing appellant or
reducing the bond to an amount he could pay. See Ex parte McNeil, 772 S.W.2d 488, 489 (Tex.App.
- Houston [1st Dist.] 1989, orig. proceeding). The purpose of Article 17.151 is to effectuate the
release of the accused. See Ex parte Rowe, supra at 582 n.1. In light of the evidence presented at
the hearing on the motion to reduce bail, the trial court should have released appellant on a personal
recognizance bond. Ex parte McNeil, supra at 490.
            The State asserts that, because it subsequently indicted appellant 10 days after the hearing,
the issue is now moot. The State admitted that it could not find any authority for this proposition,
and neither could we. A similar argument, however, was made and rejected in Ex parte Venegas,
116 S.W.3d 160 (Tex.App. - San Antonio 2003, no pet’n). In that case, Venegas’s detention began
on November 15, 2002. Ex parte Venegas, supra at 162. Venegas filed his Article 17.151 motion
on February 14, 2003, after he had been detained for more than 90 days without indictment. Ex parte
Venegas, supra. Venegas was, however, indicted 11 days later. Ex parte Venegas, supra. The State
then announced that it was ready for trial on March 6, 2003. Ex parte Venegas, supra at 164. The
court held that the statutory violation was not cured simply because the State was ready for trial after
the statutory time period had expired; if the State could not satisfy its burden of proving that it was
ready for trial within 90 days after the accused had been incarcerated, the trial court needed to satisfy
its obligation under Article 17.151. Ex parte Venegas, supra.
            Because the State was not ready for trial within 90 days of appellant’s detention, we reverse
the trial court’s order denying appellant’s motion to be released on personal recognizance and
remand to the trial court for further proceedings, including entry of an order to release appellant on 
personal bond, unless the trial court reduces bail to an amount that the record demonstrates appellant
can currently pay.
 
December 16, 2004                                                                JIM R. WRIGHT
Do not publish. See TEX.R.APP.P. 47.2(b).                         JUSTICE
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.