In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-13-00550-CR

IN RE DAVID LEE VICTORICK

_____

**Original Proceeding**

_____

## MEMORANDUM OPINION

Relator, David Lee Victorick ("Victorick") filed a Request for Emergency Stay and a Petition for Writ of Mandamus and Writ of Prohibition relating to the trial court's pre-trial denial of his petition for writ of habeas corpus. Victorick asks this Court to either compel the trial court to stay the trial or to prohibit the trial court from proceeding to trial for the duration of Victorick's appeal from the denial of his application for writ of habeas corpus. We deny the Request for Emergency Stay, and we deny the Petition for Writ of Mandamus and Writ of Prohibition.[1]

_____

[1] We have not yet ruled upon the appeal of the trial court's denial of the writ of habeas corpus which challenges the facial constitutionality of subsection (c) of

1

Brief Overview of Underlying Matter

Victorick was originally charged by an indictment on August 29, 2013, with the offense of online solicitation of a minor in violation of section 33.021(b) of the Texas Penal Code. *See* Tex. Penal Code Ann. § 33.021(b) (West 2011) (the "Online Solicitation Statute"). In *Ex parte Lo*, No. PD-1560-12, 2013 WL 5807802, at \*\*3-4 (Tex. Crim. App. Oct. 30, 2013), the Court of Criminal Appeals held that subpart (b) of the Online Solicitation Statute was unconstitutionally overbroad. *Id.* at \*\*3-7. Thereafter, on November 14, 2013, the grand jury re-indicted Victorick under subsection (c) of the Online Solicitation Statute.

Prior to trial, Victorick filed an application for a writ of habeas corpus in the trial court. He challenged the facial constitutionality of subsection (c) of the Online Solicitation Statute. Respondent denied the application. Victorick appealed the denial of his application for habeas relief and petitioned Respondent for a stay. Respondent denied the stay and Victorick's trial is currently set for December 30, 2013.

Victorick filed a Notice of Appeal of Respondent's denial of the pretrial writ of habeas corpus, and that appeal is pending in this Court under cause number 09-13-00551-CR. Concurrently with that filing, Victorick also filed a Request for

the Online Solicitation Statute. *See* Tex. Penal Code Ann. § 33.021(c) (West 2011).

Emergency Stay and a Petition for Writ of Mandamus and Writ of Prohibition as an original proceeding with this Court docketed under cause number 09-13-00550-CR, and the subject of this Opinion.

With respect to Victorick's Request for Emergency Stay and Petition for Writ of Mandamus and Writ of Prohibition, Victorick contends that the trial, if allowed to proceed, will interfere with this Court's jurisdiction over his appeal and will deprive him of the right to have the facial constitutionality of the Online Solicitation Statute determined before he is subjected to a trial. We disagree.

Discussion

We may issue a writ of mandamus in a criminal proceeding if the relator establishes that he has no adequate remedy at law to redress the harm visited upon him and if what he seeks to compel is a ministerial act. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

A writ of prohibition is available to the Court to enforce this Court's jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (West 2004). "The writ [of prohibition] is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders

and judgments." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding).

To establish his right to either mandamus or prohibition relief, the relator must "show that he has no adequate remedy at law to redress the harm that he alleges will ensue if the act he wishes to prohibit is carried out." *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding) (footnote omitted). He must "show that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision." *Id.* A matter is discretionary with the trial court unless the facts and circumstances dictate a single rational decision under unequivocal, well-settled, and clearly controlling legal principles. *Id.*

Victorick argues that the trial court should have no discretion to refuse a stay of a criminal prosecution when there is an appeal of the denial of a pretrial writ of habeas corpus that presents a facial challenge to the constitutionality of the statute upon which the prosecution is based. However, the authorities cited by Victorick do not support Victorick's position that a stay of the trial is *mandatory* during the appeal of a cognizable pre-conviction claim.[2] Rather, Victorick principally relies

---

[2] Generally, a pretrial petition for writ of habeas corpus is available (1) to challenge the State's power to restrain the applicant, (2) to challenge the manner of the applicant's pretrial restraint, and (3) to raise issues that bar prosecution. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Conversely, pretrial habeas is not available to test the sufficiency of the charging instrument or to

4

upon two cases that discuss whether habeas relief is cognizable, but neither case supports the issuance of a mandatory stay in Victorick's case. *Ex parte Weise*, 55 S.W.3d 617, 619-20 (Tex. Crim. App. 2001) (describing cases where pretrial habeas corpus is cognizable, but holding the challenge to the illegal dumping statute was not ripe for review); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982) (ruling that a double jeopardy claim may be raised and appealed in a pretrial habeas corpus proceeding).

A habeas corpus proceeding is appealable precisely because it is an independent original proceeding that is not part of the criminal case. *See Ex parte Shumake*, 953 S.W.2d 842, 846 n.8 (Tex. App.—Austin 1997, no pet.) ("Habeas corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an indictment or other forms of the State's pleadings."). Victorick's habeas appeal is not an interlocutory appeal from the substantive cause arising out of the indictment. *See id.*

construe the meaning and application of the charged offense. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). The Court of Criminal Appeals recently addressed the merits of a pretrial habeas challenge to a different subsection of the Online Solicitation Statute. *See Ex parte Lo*, No. PD-1560-12, 2013 WL 5807802, at *1 (Tex. Crim. App. Oct. 30, 2013). For purposes of the review of the pending requests only, we will assume Victorick may have presented a "cognizable" challenge to the facial constitutionality of Penal Code section 33.021(c), but that issue is reserved for either his pending appeal of the denial of the pretrial habeas relief in cause number 09-13-00551-CR or the appeal of the conviction, should he be convicted and an appeal be filed, and we do not decide it here.

Having the right to an appeal and having a right to prohibit the trial court from proceeding with the trial before the appeal is decided are two different things. For example, in *L.L.S. v. Wade*, 565 S.W.2d 251, 251-52 (Tex. Civ. App.—Dallas 1978, orig. proceeding), a juvenile accused of murder appealed the order transferring her to the criminal court for trial as an adult, and then sought a writ of prohibition to prevent the district court from proceeding to trial until the interlocutory appeal had been decided. The court of civil appeals denied the juvenile's application for a writ of prohibition because the court's order in the interlocutory appeal would be given effect regardless of the outcome of the criminal prosecution. *Id.* at 252.

The jurisdiction of the trial court to consider a pretrial habeas corpus application is determined at the time the application is filed, and the trial court does not lose jurisdiction to hear a pretrial application if that court finds the applicant guilty. *Kniatt v.* State, 206 S.W.3d 657, 663 (Tex. Crim. App. 2006). Similarly, if the trial court adjudicates guilt, the appellate court does not lose jurisdiction over the pretrial habeas appeal that challenges the facial constitutionality of the statute under which the appellant was charged. We do not decide in this proceeding whether Victorick's pretrial habeas appeal may be mooted by subsequent proceedings. *See, e.g., Ex parte Flores*, 130 S.W.3d 100, 104-05 (Tex. App.—El

Paso 2003, pet. ref'd) (exceptions to the mootness doctrine allowed the appellate court to address the facial challenge to the constitutionality of an expired protective order). Even if the appeal of the pretrial application of the writ of habeas corpus is mooted by the conviction in the trial court, this Court's jurisdiction to resolve the constitutional challenge to the statute will remain and is protected if the claim is preserved in the trial court. *See generally Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). If Victorick is convicted at trial, he may still make a facial challenge to the constitutionality of the statute in his direct appeal. *See Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (the extraordinary remedy of habeas corpus should not be entertained where there is an adequate remedy by direct appeal from the conviction).

Victorick argues that we should treat his facial constitutionality challenge like a successive-prosecution double jeopardy claim. *See Williams v. White*, 856 S.W.2d 847, 848 (Tex. App.—Fort Worth 1993, orig. proceeding) (prohibiting trial pending appeal of non-frivolous claim that jeopardy terminated with mistrial); *Trimboli v. MacLean*, 735 S.W.2d 953, 954-55 (Tex. App.—Fort Worth 1987, orig. proceeding) (denying prohibition where mistrial resulted from jury misconduct). In the context of successive prosecutions, protection from exposure to a second trial is the constitutional right being asserted. *Robinson*, 641 S.W.2d at

555. In contrast, "developments in the law of charging instruments and void judgments undercut the notion that a facial challenge to the constitutionality of a statute involves a question of 'jurisdiction.'" *Karenev*, 281 S.W.3d at 432. A facial challenge to the constitutionality of a statute is neither an absolute requirement or prohibition, nor a right that is waivable-only, but is a right that is forfeited if it is raised for the first time on appeal. *Id*. at 434. Therefore, the successive-prosecution double jeopardy rationale would not apply.

Victorick has failed to establish that the trial court's denial of his motion to stay the trial during the appeal of the pretrial petition for writ of habeas corpus is a non-discretionary decision under unequivocal, well-settled, and clearly controlling legal principles. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). Further, we find Victorick has an adequate remedy on appeal. Accordingly, we deny Victorick's Petition for Writ of Mandamus and Writ of Prohibition, and we deny the Request for Emergency Relief.

PETITION DENIED.

PER CURIAM

Submitted on December 17, 2013
Opinion Delivered December 30, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

8