

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00337-CR

**EX PARTE** Abel **MONTES**

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 20-0995-CR-A
Honorable Jessica Crawford, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: February 17, 2021

REVERSED AND REMANDED

In this accelerated appeal, appellant Abel Montes challenges the trial court's order denying his amended application for a pretrial writ of habeas corpus seeking release on personal bond or bail reduction. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). We reverse and remand.

## BACKGROUND

On January 15, 2020, Montes was arrested and confined in the Guadalupe County jail on two felony charges—manufacturing a controlled substance with intent to deliver and engaging in organized criminal activity. On June 1, 2020, Montes filed an amended application for a pretrial writ of habeas corpus, alleging he was illegally restrained and confined in the Guadalupe County jail on a $75,000.00 bond on each charge, for a total of $150,000.00. Montes further alleged he had been confined on the two charges since January 15, 2020, and that the State was not ready to

proceed to trial on April 14, 2020, which was ninety days after he was confined on the charges. Montes further alleged that he had been indicted on the drug charge, but he had not been indicted on the organized criminal activity charge. According to Montes's amended application, article 17.151 of the Texas Code of Criminal Procedure required his release on personal bond or a bail reduction.

On June 2, 2020, the trial court held a hearing on Montes's amended application. Montes urged the trial court to reduce his $75,000.00 bonds to reasonable amounts that he could make. The State acknowledged it was not ready for trial at the ninety-day mark as required by article 17.151. Nevertheless, the State argued the trial court should deny the application because article 17.151's automatic release requirement had been suspended by the governor in an executive order addressing municipal and county jail detentions during the COVID-19 disaster. The trial court denied Montes's amended application and filed written findings of fact and conclusions of law.[1] Montes appealed.

## DISCUSSION

In one issue, Montes argues the trial court abused its discretion by denying his amended application and by failing to grant him personal bond or reduce his bail as required by article 17.151 of the Texas Code of Criminal Procedure.

We review the trial court's order denying a pretrial habeas corpus application for an abuse of discretion. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). An abuse of discretion

---

[1] In its findings of fact and conclusions of law, the trial court considered the bail factors listed in article 17.15. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15. On appeal, both parties acknowledge, and we agree, that it was error for the trial court to consider the bail factors listed in article 17.15. *See Ex parte Gill*, 413 S.W.3d 425, 429-30 (Tex. Crim. App. 2013) (holding article 17.15's general factors for determining bail do not apply to defendants invoking article 17.151, which "is a narrower statute applicable only to a limited subset of defendants—those in custody for over ninety days and in whose cases the State is not ready for trial.").

occurs when the trial court acts without reference to guiding rules and principles. *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016).

The applicable part of article 17.151 provides:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the [S]tate is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony[.]

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). Article 17.151, section 1(1) is mandatory. *Ex parte Gill*, 413 S.W.3d at 431 (recognizing "the mandatory language of article 17.151"); *Ex parte Venegas*, 116 S.W.3d 160, 162 (Tex. App.—San Antonio 2003, no pet.). If the State is not ready for trial within ninety days of the defendant's confinement, the trial court has only two options: it must either release the defendant on personal bond or reduce bail to an amount the defendant can make.[2] *Ex parte Gill*, 413 S.W.3d at 429, 431.

Here, the State admits it was not ready for trial on either charge ninety days after Montes was confined, but it maintains the trial court was not required to follow article 17.151's automatic release requirement. The State contends article 17.151's automatic release requirement was suspended by executive order GA-13, which was signed by the governor on March 29, 2020, shortly after the COVID-19 state of disaster was declared. The State takes the position that executive order GA-13 suspended article 17.151's automatic release requirement in its entirety. We disagree. Executive order GA-13 states in relevant part:

> Article 17.151 of the Texas Code of Criminal Procedure is hereby suspended *to the extent necessary to prevent any person's automatic release on personal bond* because the State is not ready for trial.

---

[2] Article 17.151's automatic release requirement has exceptions, but they do not apply in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 2; *id*. arts. 17.152-.153.

TEX. GOV. EXEC. ORDER NO. GA-13 (Mar. 29, 2020) (emphasis added). By its plain language, executive order GA-13 only suspends part of article 17.151's automatic release requirement. Executive order GA-13 suspends article 17.151 "to the extent necessary to prevent" the defendant's "automatic release on personal bond." A defendant who is released on a personal bond is released without sureties or other security. *Frontier Ins. Co. v. State*, 64 S.W.3d 481, 483 (Tex. App.—El Paso 2001, no pet.); *see* TEX. ATT'Y GEN. OP. NO. JC-0215 (2000) ("A bail bond and a personal bond are distinguished by the fact that the former requires a cash deposit to secure the defendant's reappearance, while the latter does not."). Executive order GA-13 does not suspend the part of the statute requiring the defendant's automatic release "by reducing the amount of bail required."[3]

Because article 17.151's mandatory provision requiring bail reduction was not altered by executive order GA-13 and because the State was not ready for trial ninety days after Montes was confined, the trial court was required to grant Montes's amended habeas corpus application and reduce his bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). We conclude the trial court abused its discretion by denying Montes's amended habeas corpus application and by not reducing his bail amounts. *See Ex parte Gill*, 413 S.W.3d at 431 (reviewing the evidence "in light of article 17.151's mandatory terms" and "hold[ing] that the trial judge abused his discretion in denying [a]ppellants' request for a personal bond or setting bail in the amount that [a]ppellants can make."); *Ex parte Venegas*, 116 S.W.3d at 165 (reversing the trial court's order denying the defendant's article 17.151 motion when the State was not ready for trial within 90 days of the defendant's detention).

---

[3] Montes presented arguments challenging the constitutionality of executive order GA-13 in the trial court. Because Montes does not present these arguments in his appellate brief, we do not address them in our opinion. *See State v. Steelman*, 93 S.W.3d 102, 106 (Tex. Crim. App. 2002) (recognizing that constitutional arguments not included in the parties' appellate briefs were not before the appellate court).

**CONCLUSION**

We reverse the trial court's order denying Montes's amended habeas corpus application and remand this case to the trial court for proceedings consistent with this opinion. We order the clerk of this court to issue the mandate immediately. *See* TEX. R. APP. P. 18.6 (allowing the appellate court to issue the mandate with its judgment in an accelerated appeal); *Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App—Texarkana 2007, no pet.) (issuing the mandate immediately in an article 17.151 bail reduction case).

Irene Rios, Justice

Do not publish