

# NUMBER 13-23-00385-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CLARISSA DE LA PAZ,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## ON APPEAL FROM THE 197TH DISTRICT COURT
## OF WILLACY COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Clarissa De La Paz appeals the trial court's ruling on her pretrial application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). We reverse and remand.

### I.    BACKGROUND

Appellant was arrested for murder on April 5, 2023, and has been incarcerated

since her arrest. *See* TEX. PENAL CODE § 19.02. On July 18, 2023, appellant filed her petition for writ of habeas corpus seeking relief under Article 17.151 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (providing that a "defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony"). The trial court held a hearing on appellant's habeas writ on July 25, 2023, at which point appellant had been detained for approximately 111 days without the issuance of an indictment.

At the habeas hearing, appellant indicated that she had been detained without a bond over ninety days by the time she had filed her habeas writ. Appellant also indicated that she had filed a request for an examining trial, and the State had requested a thirty-day continuance to "prepare the case and to staff it," which was granted by the municipal court. Appellant informed the trial court that she had attached to her habeas writ application the order granting the State's continuance "showing that the State is not ready."[1] The State responded that appellant's case was going to be presented to the "very next grand jury." The State urged the trial court to keep appellant detained without a bond for the safety of the public, argued that the offense was a very violent crime, and asked bond to be set at "at least a million dollars" if the trial court was inclined to set a

---

[1] The record indicates that appellant filed her motion for examining trial on May 15, 2023. On May 18, 2023, the municipal court scheduled a hearing on appellant's motion for June 26, 2023. On June 21, 2023, the municipal court entered an order resetting the hearing for July 13, 2023. On July 10, 2023, the State filed its motion for continuance, requesting a thirty-day continuance for the hearing. On July 11, 2023, the municipal court granted the State's motion for continuance and reset the hearing for appellant's motion for examining trial on August 31, 2023.

bond. Appellant then testified that she had been working at a hotel but was currently unemployed and had no other sources of income. Appellant also stated that when she worked at the hotel, she earned $1,200 per month and did not receive any government assistance or financial assistance from her family. Appellant further stated she did not own her home,[2] did not have any savings, and had no valuables she could sell or pawn to post bond. However, appellant indicated that her mother could possibly assist her in posting bond and that she would seek employment if released. Appellant then asked the trial court for a bond "somewhere between $50,000 to $70,000" and suggested the trial court could impose reasonable restrictive bond conditions such as home confinement or electronic monitoring. Afterwards, the following exchange occurred:

| | |
|---|---|
| [The State]: | Your Honor, again, I do not believe that she qualifies for a [personal recognizance] [(]PR[)] bond in this case. It is definitely a violent crime that would fall under the new bail reform laws that do not allow that. I would ask the Court to consider not just what she could afford but the fact that—the egregiousness of this crime when the Court determines whether or not a bail is reasonable. |
| [Appellant's counsel]: | Brief counter, Your Honor? The State is misstating the law. Yes, if this was her initial magistration, she would not qualify [because this is ] a crime of violence. That does not apply when it's asked for . . . habeas relief under [article] 17.151. |
| [The Court]: | . . . I'm going to set a million dollar bond on her. I understand it's relief that is probably not very helpful at this point, but it is relief. So she had a no-bond; she's getting a million dollar bond. But if she does bond out, she's going to be required to put an ankle monitor on and to report to |

_____

[2] On cross-examination, appellant stated her father had left her the house she resided in.

probation weekly.

On the same day, the trial court signed its written order memorializing its ruling:

**ORDER**

On this day, came on to be considered Defendant's APPLICATION FOR WRIT OF HABEAS CORPUS SEEKING RELEASE UNDER TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 11.01 & 17.151 in the above styled and numbered cause, and said motion is hereby:

GRANTED ✓    DENIED _____

It is therefore ordered that CLARISSA DE LA PAZ be immediately released on personal bond or reduced bond in the amount of:

1.  a.    CAUSE NO. 76815: Murder (F1):

$1,000,000.00 _____ PERSONAL_____ CASH SURETY ✓ bond.

Signed on _July 25, 2023_

_____
JUDGE PRESIDING

This appeal followed.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

In her sole issue, appellant argues that the trial court abused its discretion when it set a bond for her in the amount of one million dollars.

We review a trial court's decision on a habeas proceeding under Article 17.151 for an abuse of discretion. *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013). Under this standard, a trial court abuses its discretion when no reasonable view of the record could support its ruling. *State v. Lerma*, 639 S.W.3d 63, 68 (Tex. Crim. App. 2021).

Article 17.151 provides in relevant part:

4

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony; . . . .

TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1).

Article 17.151, § 1 is mandatory. *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021); *Ex parte Gill*, 413 S.W.3d at 430. The State either must announce ready within the allotted time or announce retrospectively that it had been ready within that time. *Ex parte Venegas*, 116 S.W.3d 160, 164 (Tex. App.—San Antonio 2003, no pet.); *Ramos v. State*, 89 S.W.3d 122, 128 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.), *overruled on other grounds by Ragston v. State*, 424 S.W.3d 49, 51–52 (Tex. Crim. App. 2014) (providing that the question of the State's "readiness" within the statutory limits refers to the preparedness of the prosecution for trial). "Without an indictment, the State cannot be ready for trial under Article 17.151." *Ex parte Lanclos*, 624 S.W.3d at 927 (citing *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex. Crim. App. 1983)). If the State is not ready for trial on a felony charge within ninety days of the beginning of a defendant's detention, the trial court has only two options: release the defendant on personal bond or reduce bail to an amount the defendant can afford. *See id.* (citing TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1)).

### III.   DISCUSSION

In this case, appellant was not indicted within ninety days of her arrest and nothing in the record indicates that the State announced it was ready for trial within that time.[3]

---

[3] The record also demonstrates that after appellant had already been incarcerated over ninety

*See Ex parte Lanclos*, 624 S.W.3d at 927; *Ex parte Venegas*, 116 S.W.3d at 164; *Ramos*, 89 S.W.3d at 128; *see also Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991) ("It is not enough that the State appear in open court after the running of the applicable period and declare itself at that time ready for trial."). Thus, at the hearing on appellant's habeas writ, the trial court had two options: release appellant on personal bond or reduce bail to an amount she can afford. *See Ex parte Lanclos*, 624 S.W.3d at 927. The trial court did not release appellant on personal bond but rather set bail at one million dollars. Appellant argues that the trial court abused its discretion in setting bail at one million dollars because there was no evidence that she could afford such an amount. We agree. At the hearing, appellant testified that she was unemployed and had no source of income or savings. Appellant also stated that when she was employed at a hotel prior to her arrest, her monthly income was $1,200 a month, and she received no governmental assistance or financial assistance from family. It is not enough that appellant was granted a bond when she was previously detained without a bond. Article 17.151 mandates release, and the trial court abused its discretion when it set bond in an amount that frustrated Article 17.151's mandate. *See id*. at 927–28 (holding that Article 17.151 mandates release of a defendant "either on personal bond or by reducing the required bail amount—period" and that "If the court chooses to reduce the amount of bail required, it must reduce it to an amount that the record reflects the accused can make.").

In its brief, the State concedes that "on the day of the habeas hearing, [a]ppellant had been confined more than ninety days since being arrested for murder and was not

---

days, the State sought and was granted a continuance for a hearing on appellant's motion for examining trial, affirmatively indicating that the State was not ready for trial.

indicted until afterwards."[4] The State does not address appellant's arguments that the trial court abused its discretion at setting bail at one million dollars but suggests that we remand the case to the trial court "for a determination of bail in accordance with [A]rticle 17.151" because the trial court's written order is inconsistent with its oral pronouncement. Specifically, the State argues that the written order "gives the option of an immediate release on personal bond OR a reduced bond of one million cash surety." We disagree with the State's interpretation of the written order.

The order indicates that appellant's habeas writ was granted and states, "It is therefore ordered that [appellant] be immediately released on personal bond or reduced bond in the amount of." However, after that sentence, the order contained three fill-in-the-blank lines. The first line immediately followed a type-written dollar sign, where the trial court hand-wrote "1,000,000.00." The order then contained a line immediately following the type-written word "PERSONAL" and another line immediately following the type-written words "CASH SURETY." The trial court hand-wrote a check mark on the line immediately following the "CASH SURETY" language, while the line immediately following the word "PERSONAL" remained blank. By leaving the line after "PERSONAL" blank and providing a check mark on the line after "CASH SURETY," the trial court did not provide that appellant be released by personal bond, and the order is therefore not inconsistent with the trial court's oral pronouncement.

In sum, the trial court abused its discretion because the trial court's order did not

---

[4] We note that "[t]he return of an indictment does not render moot an appeal from a habeas corpus proceeding to set or reduce the amount of bail." *Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim. App. 1977) (cleaned up); *see also McGill v. State*, No. 13-99-713-CR, 2000 WL 34415609, at *1 (Tex. App.— Corpus Christi–Edinburg Oct. 19, 2000, no pet.) (not designated for publication).

release appellant or reduce bond to such an amount that appellant could afford. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1); *Ex parte Lanclos*, 624 S.W.3d at 927. We sustain appellant's sole issue.

## IV.    CONCLUSION

We reverse the trial court's order and remand the case to the trial court for further proceedings consistent with this opinion. *See Ex parte Lanclos*, 624 S.W.3d at 929.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of August, 2024.