**Ronald Steven TRIMBOLI, Relator,**

v.

**Hon. John MacLEAN, Respondent.**

**No. 2-87-181-CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 27, 1987.

Alley & Alley, and Richard Alley, Fort Worth, for relator.

Chris Marshall, Asst. Dist. Atty., Tarrant County, for State, for respondent.

Before FENDER, C.J., and HILL and FARRIS, JJ.

OPINION

HILL, Justice.

In this original proceeding, Ronald Steven Trimboli has filed his motion for leave to file application for a writ of prohibition. He seeks an order from this court prohibit-

ing the Hon. John MacLean, Judge of the 249th District Court of Johnson County, from proceeding to trial on Monday, August 31, 1987, on the pending indictments in Cause Nos. 0272401R, 0272461R, and 0272464R. These causes were transferred to that court in a change of venue from the Criminal District Court Number Two of Tarrant County. Trimboli asserts that proceeding to trial at this time would infringe upon his right to have appellate review of his claim of double jeopardy before trial.

We deny the motion for leave to file application for a writ of prohibition, because we agree with the trial court's determination that Trimboli's claim of double jeopardy is frivolous.

The record reflects that during Trimboli's prior trial, it was learned that a juror had spoken in the hallway with two persons who were related to a victim. All concerned testified concerning the incident. The relatives testified first. They both said that they had told the juror during their conversation that they were relatives of a victim. The juror, however, later testified that he did not know that they were relatives of a victim. The juror's testimony appeared to upset the trial judge, not only because of the disregard of both oral and written instructions that the jurors were not to discuss the case with anyone, but also because the judge felt, based on the relatives' testimony, that the juror was not being truthful. The juror later clarified his testimony to the effect that he was not told at first that they were relatives. Following the testimony of the relatives and the juror, counsel for Trimboli moved for mistrial, and the court granted the motion.

The trial court granted Trimboli's motion for mistrial in February, 1987. Trimboli did not file his application for writ of habeas corpus asserting a double jeopardy claim until August 17, 1987, approximately six months after the mistrial but only fourteen days before the scheduled retrial. He has appealed the denial of his double jeopardy claim to this court. We have the record but briefs have not yet been filed.

In responding to this motion, we must first consider Trimboli's assertion that because he had the right to appellate review of the denial of his double jeopardy claim prior to retrial, that he has an absolute right to a stay pending our determination of that claim.

■ After examining all the authorities presented to us, we hold that in cases where the movant has appealed the trial court's denial of his double jeopardy claim, the movant is entitled to a stay of further proceedings unless the trial court has determined that the double jeopardy claim is frivolous and the appellate court is in agreement, after a review of the record before it, that the double jeopardy claim is frivolous. *See United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir.1980), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980); and *see Com. v. Brady*, 508 A.2d 286, 291 (Pa.1986). Such a procedure ensures that a defendant's double jeopardy claim is considered both by the trial court and by an appellate court prior to retrial, while avoiding the possibility of such a claim being frivolously filed just as a tactic for delay.

Trimboli urges that TEX.R.APP.PROC. rule 40(b)(2) provides that the filing of the record in the appeal of a criminal case suspends and arrests all further trial court proceedings. The appeal which he has taken is an appeal from the denial of his application for writ of habeas corpus based on his claim of double jeopardy. It is not an appeal of the cases in which he stands indicted for murder. Accordingly, the rule only provides that trial court proceedings in connection with his application for writ of habeas corpus are stayed. There is no indication that the trial court intends to take any further action in connection with the application for writ of habeas corpus based on a claim of double jeopardy.

■ We now consider the question of whether Trimboli's claim of double jeopardy is frivolous. We have noted the undisputed facts which show that the mistrial was granted upon Trimboli's motion. The United States Supreme Court has held that when a mistrial has been declared upon a defendant's request, the defendant may raise the bar of double jeopardy only when

the motion for mistrial is the result of governmental action intended to goad the defendant into moving for a mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 673, 102 S.Ct. 2083, 2088–89, 72 L.Ed.2d 416 (1982). Since the evidence shows that the motion for mistrial resulted from inappropriate conduct of a juror and relatives of a victim, and not from any governmental action, the defendant may not successfully raise the bar of double jeopardy. *Id.*

Trimboli urged at the trial court that the angry interchange between the trial judge and the juror left him with no choice but to ask for a mistrial. It is interesting to note that he also argued that the mistrial was unnecessary because the trial could have proceeded with eleven jurors. In any event, the trial court's angry response to the juror's testimony appeared to be a reasonable reaction to testimony which showed at best a careless disregard of the court's instruction and at worst a misrepresentation of the facts. Nothing in the record would lead to a conclusion that the trial court got angry at the juror just so Trimboli would move for a mistrial.

Since the undisputed facts show that Trimboli has no arguable claim for double jeopardy, we agree with the trial court's finding that the appeal of his claim is frivolous. We therefore deny Trimboli's Motion for Leave to File Application for a Writ of Prohibition.

FENDER, Chief Justice, concurring.

I concur only in the result reached which allows the trial to proceed in the 249th District Court. Under the combined provisions of rules 2 b, 44 a, 74 n, and 78, Texas Rules of Appellate Procedure, I would accelerate the appeal of the habeas corpus matter instanter, affirm the trial court's denial of relief, and hold the writ of prohibition matter moot.