**John Phillips WILLIAMS, Relator,**

v.

**The Honorable David WHITE, Respondent.**

**No. 2–93–118–CV.**

Court of Appeals of Texas, Fort Worth.

July 5, 1993.

Jackson & Hagen and H.F. Rick Hagen, Denton, for relator.

Bruce Isaacks, Crim. Dist. Atty., and Kathleen A. Walsh, Asst., Denton, for respondent.

Before FARRIS, LATTIMORE and WEAVER, JJ.

## OPINION

FARRIS, Justice.

In this original proceeding, John Phillips Williams seeks an order prohibiting the 362nd District Court of Denton County from proceeding to trial on July 12, 1993, in five criminal cases in which he is the accused. Williams asserts proceeding to trial before this court decides the pending appeal of his writ of habeas corpus would infringe upon his right to have appellate review of his claim of double jeopardy before trial.

We grant Williams relief because his claim of double jeopardy is not frivolous.

Trial of these five causes began on December 7, 1992. Three days after trial began, the trial judge learned defense counsel had been disbarred and he declared a mistrial without admonishing Williams of his right to proceed pro se or to obtain new counsel. On January 6, 1993, Williams secured new counsel who, in April 1993, filed a writ of habeas corpus and special plea of double jeopardy. Williams has appealed the denial of his double jeopardy claim to this court. At this time, we have not received the briefs or the complete record for that appeal.

When a movant has appealed the trial court's denial of his double jeopardy claim, the movant is entitled to a stay of further proceedings unless his double jeopardy claim is frivolous. *See United States v. Dunbar*, 611 F.2d 985, 989 (5th Cir.1980); *Trimboli v. Hon. John MacLean*, 735 S.W.2d 953, 954 (Tex.App.—Fort Worth 1987, orig. proceeding). In order for the claim to be frivolous, there must be no doubt, absolutely no doubt, that the Relator's writ was totally devoid of merit. *Dunbar*, 611 F.2d at 989.

In determining whether Williams' claim of double jeopardy is devoid of merit, we note that because the trial judge declared the mistrial sua sponte, Williams is entitled to raise the bar of double jeopardy unless he consented to the mistrial or manifest necessity existed.

The record reveals the trial judge neither admonished Williams of his right to proceed pro se or with other counsel, nor stated whether manifest necessity existed. Williams claims he did not consent to the mistrial and manifest necessity did not exist because the trial judge did not consider less drastic alternatives as required by *Torres v. State*, 614 S.W.2d 436, 442 (Tex. Crim.App. [Panel Op.] 1981). In response, the State argues Williams impliedly consented to a retrial or manifest necessity existed because there were no realistic alternatives.

After reviewing the parties' arguments and the limited record before us, we hold Williams' claim of double jeopardy is not totally devoid of merit because the issues of consent and manifest necessity are controverted and controlling.

Because the record shows Williams has an arguable claim for double jeopardy, we hold the appeal of his claim is not frivolous. Accordingly, we grant Williams' writ of prohibition and order that the trial in Trial Court Cause Nos. F–92–326–D, F–92–328–D, F–92–329–D, F–92–623–F, and F–92–1241–D, is hereby stayed pending the appeals on the writs of habeas corpus presently before this Court.