

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00094-CV

———————————————

IN RE JAMES FLOYD, Relator

---

Original Proceeding
396th District Court of Tarrant County, Texas
Trial Court No. 1494376

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

In this original proceeding, capital-murder defendant James Floyd seeks an order prohibiting the 396th District Court of Tarrant County from proceeding to trial on March 29, 2022, so that we may review his pending appeal of the trial court's order denying his pretrial application for writ of habeas corpus in which he claims that a second trial would violate his double jeopardy rights. The State filed a response in which it asserted that Floyd's appeal was frivolous and, thus, that we should ignore his appeal, deny Floyd any relief in this original proceeding, and allow the March 29 trial setting to go forward. Applying the rigorous standard set out in our precedent of what constitutes a frivolous claim in the circumstances of this case, we cannot say at this point that Floyd's issues on appeal are frivolous. Thus, we conditionally grant Floyd relief.

The State indicted Floyd in 2017 for capital murder and sought the death penalty. In 2020, after a jury had been impaneled and sworn, the trial court ordered a mistrial on grounds of manifest necessity. Specifically, the trial court ordered the mistrial because the jury had been reduced to ten jurors. At the same time, the trial court denied Floyd's motion to dismiss with prejudice based on (1) DNA evidence having been compromised and (2) the State's failure to reveal that the DNA evidence had been compromised; that is, that the State had committed a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963).

2

On December 8, 2021, Floyd filed an "Application for Pretrial Writ of Habeas Corpus Based on Double Jeopardy Violation" in which he asserted that (1) "manifest necessity did not exist because the trial could have proceeded with [ten] jurors" and (2) "the State [was] barred from retrying [him] on Double Jeopardy grounds because it [had] disclosed *Brady* material after the jury had been impaneled [and] on the eve of trial." For the latter proposition, Floyd cited *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S. Ct. 2083, 2087 (1982), and *Ex parte Masonheimer*, 220 S.W.3d 494, 495 (Tex. Crim. App. 2007). The trial court denied his application on January 3, 2022. Floyd filed a notice of appeal the next day, and we docketed his appeal as *Ex parte James Floyd*, No. 02-22-00004-CR. The record in that appeal contains a clerk's record of more than 800 pages and a reporter's record that consumes 29 volumes. For that appeal, Floyd is represented by appointed counsel.

Since Floyd filed that appeal—which is still pending before this court—the following events have occurred in the trial court. The State waived the death penalty on January 21, 2022. And on February 7, 2022, the trial court set Floyd's case for trial on March 29, 2022. On March 10, 2022, Floyd—who is representing himself pro se in the trial court—filed a motion to stay all trial proceedings while we reviewed his appeal of the denial of his writ of habeas corpus; he also asserted that the appeal was not frivolous.[1] On March 11, 2022, the trial court denied Floyd's motion, and on

---

[1]The State faults Floyd's assertion for being conclusory. The motion for stay was based on the application for writ of habeas corpus, and the application presented

3

March 14, 2022, Floyd's appointed counsel—the one appointed to represent him in his pending appeal—filed this petition for writ of mandamus or writ of prohibition, which we docketed as *Ex parte James Floyd*, No. 02-22-00094-CV. We issued a temporary stay while we determined this original proceeding. *See* Tex. R. App. P. 52.10. The State filed its response on March 23, 2022.

When a defendant has appealed the trial court's denial of his double jeopardy claim, he is entitled to a stay of further proceedings unless his double jeopardy claim is frivolous. *See Williams v. White*, 856 S.W.2d 847, 848–49 (Tex. App.—Fort Worth 1993, orig. proceeding); *Trimboli v. MacLean*, 735 S.W.2d 953, 954 (Tex. App.—Fort Worth 1987, orig. proceeding). We have held, and the State does not challenge our holding, that before a court can conclude that a double-jeopardy claim is frivolous, it must have "no doubt, absolutely no doubt," that the defendant's pretrial writ of habeas corpus was totally devoid of merit. *Williams*, 856 S.W.2d at 848.

Regarding whether manifest necessity requires a mistrial when the jury is reduced to ten jurors, we note that the Texas Constitution contemplates proceeding with as few as nine jurors:

> When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict.

---

Floyd's arguments. *See* Tex. R. App. P. 33.1(a)(1)(A) (allowing for preservation when "the specific grounds were apparent from the context").

Tex. Const. art. V, § 13. This constitutional provision was among the authorities on which Floyd relied in the trial court. In the State's response, the State presented a complicated analysis explaining why, in a death penalty case, the trial court could not proceed with a jury of only ten members and was, thus, faced with the manifest necessity for a mistrial. The State also raised other issues, such as that Floyd implicitly consented to the mistrial. Although Floyd's petition in this original proceeding focuses largely on the State's untimely *Brady* disclosures, he notes that he had also argued that manifest necessity did not exist, which could only be a reference to whether the previous trial could have proceeded with ten jurors. And in this original proceeding, Floyd has attached both his writ application and supporting brief raising that issue.

Regarding the alleged *Brady* violation, Floyd cites authority for the proposition that the State's failure to disclose exculpatory evidence can result in barring the State from retrying a defendant on double jeopardy grounds. *See Masonheimer*, 220 S.W.3d at 495; *see also Kennedy*, 456 U.S. at 678–79, 102 S. Ct. at 2091 (providing that a defendant may raise a double jeopardy claim when the motion for mistrial results from governmental action intended to goad the defendant into moving for a mistrial). The State argues that *Masonheimer* is distinguishable.

For purposes of our ruling on Floyd's original proceeding, we have not the time nor—absent appellate briefing—the ability to determine the ultimate merits of Floyd's appeal. That is what the appeal is for.

In this original proceeding, we must decide only whether his appeal is so devoid of merit that we can comfortably ignore it as frivolous—pretend that it is not there—and allow the March 29 trial date to proceed. *See Williams*, 856 S.W.2d at 848–49. Ultimately, we cannot say that we have "no doubt, absolutely no doubt" that Floyd's appeal is devoid of merit. *See id.* at 848. The massive record and the subtle arguments raised, including those of the State, require the input of the parties' appellate briefs and our own time to study both the record and the briefs before resolving Floyd's arguments.

Because the record shows that Floyd has arguable claims for double jeopardy, we hold that his appeal is not frivolous. Were the trial court to proceed with trial, it would render Floyd's appeal—the whole point of which is to preclude a second trial—moot, which would interfere with our jurisdiction. *See In re N.H.N.*, 580 S.W.3d 440, 443 (Tex. App.—Houston [14th Dist. 2019], no pet.) (stating that appellate courts cannot address moot issues because they lack jurisdiction to render advisory opinions); *In re State ex rel. Escamilla*, 561 S.W.3d 711, 716 (Tex. App.—Austin 2018, orig. proceeding) (noting that a writ of prohibition may issue to prevent interference with an appellate court's jurisdiction to decide a pending appeal).

Accordingly, we (1) conditionally grant Floyd's writ of prohibition, (2) vacate our previous stay order, and (3) direct the trial court to refrain from conducting any further proceedings or taking any further action in trial court cause number 1494376 until the appeal in appellate court cause number 02-22-00004-CR is

6

concluded by issuance of mandate by this court. The writ of prohibition will issue only if the trial court fails to act in accordance with this opinion. *See Escamilla*, 561 S.W.3d at 719–20; *Williams*, 856 S.W.3d at 849.

We welcome the parties' input on whether we should narrow our prohibition to permit the trial court to address necessary matters occurring before our resolution of Floyd's appeal.

/s/ Dabney Bassel
Dabney Bassel
Justice

Delivered: March 25, 2022