

# Fourth Court of Appeals
## San Antonio, Texas

May 11, 2022

No. 04-22-00266-CR

James Arthur **KEARNS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CR-11585
Honorable Velia J. Meza, Judge Presiding

# O R D E R

On May 3, 2022, appellant James Kearns filed a notice of appeal challenging the trial court's order denying his pretrial application for writ of habeas corpus. On May 10, 2022, the district clerk filed the clerk's record, which included a copy of Kearns's application asserting a double jeopardy claim. The clerk's record did not include a copy of the trial court's certification of the defendant's right to appeal under Rule 25.2 of the Texas Rules of Appellate Procedure. Later that day, Kearns filed a "Relator's Request for Stay of Lower Court Proceedings Petition for Writ of Mandamus and Petition for Writ of Prohibition." In the request, Kearns states after the trial court signed the subject order, the trial court "denied [his] right of appeal, stating there were no issues of merit." Kearns now asks us to issue an order staying the trial court's proceedings until his appeal is resolved.

In general, a defendant's right not to be exposed to double jeopardy by retrial "must be reviewable before that exposure occurs." *Apolinar v. State*, 820 S.W.3d 792, 794 (Tex. Crim. App. 1991). But, where "'the trial court has determined that the double jeopardy claim is frivolous and the appellate court is in agreement,' the defendant is not entitled to a stay for further proceedings in the trial court while an appeal from the denial of the pretrial writ of habeas corpus is pending in the appellate court." *Ex Parte Hawthorne*, No. 11-16-00337-CR, 2018 WL 6928985 at *3 (Tex. App.—Eastland Dec. 31, 2018, pet. ref'd) (mem. op.) (quoting *Trimboli v. MacLean*, 735 S.W.2d 953, 954 (Tex. App.—Fort Worth 1987, no pet.) Here, the trial court's order denying Kearns's application included a finding that Kearns's double jeopardy argument is without merit. However, as the reviewing court, we have yet to determine whether the claim of double jeopardy is frivolous.

Accordingly, we **grant** Kearns's request for a stay **in part** and **stay the trial court from proceeding to trial** until further order of this court. We **order** the State to file a response explaining why Kearns's double jeopardy claim is frivolous **by May 31, 2022.** We further **order** the district clerk to file a supplemental clerk's record with a copy of the trial court's certification of the defendant's right to appeal **by May 31, 2022.** *See* TEX. R. APP. P. 34.5. If Kearns intended his filing to be treated as an original proceeding, Kearns should file an appropriate petition in accordance with Rule 52.3 of the Texas Rules of Appellate Procedure as a new cause number.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of May, 2022.

MICHAEL A. CRUZ, Clerk of Court